## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **RICHARD RENE BRUNELLE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:20-cv-00982** |
| | ) | **Judge Aleta A. Trauger** |
| **COCO'S ITALIAN MARKET et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM

Before the court are plaintiff Richard Brunelle's Objections (Doc. No. 40) to the Magistrate Judge's Report and Recommendation ("R&R") (Doc. No. 35), recommending that the Motion for Summary Judgment (Doc. No. 30) filed by defendants Coco's Italian Market ("Coco's") and Coco's owner, Charles Cinelli, be granted. For the reasons set forth herein, the plaintiff's Objections will be overruled; the R&R will be accepted; and the Motion for Summary Judgment will be granted.

## I.    PROCEDURAL HISTORY

In November 2020, Brunelle, proceeding *pro se*, filed a form Complaint for Employment Discrimination and a copy of the Notice of Right to Sue he had received from the U.S. Equal Employment Opportunity Commission ("EEOC"), communicating his intention to pursue claims for discrimination based on sexual orientation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, based on the termination of his employment, retaliation, and sexual harassment/hostile work environment. (Doc. No. 1, at 3–4.) Upon being directed to do so by the court, Brunelle filed an Amended Complaint that contained a narrative of background facts in support of his claims. There, he alleges that he experienced discrimination

based on his sexual orientation, was retaliated against for complaining about that discrimination, and was ultimately fired from his job as a server at Coco's. (Doc. No. 6.) The Amended Complaint is not verified or signed under penalty of perjury.

The case was referred to Magistrate Judge Newbern to conduct all pretrial proceedings, including to dispose or recommend disposition of any pretrial motions under 28 U.S.C. § 626(b) and Rule 72 of the Federal Rules of Civil Procedure. (Doc. No. 7.) After the referral, the Magistrate Judge entered a Scheduling Order setting pretrial deadlines. In this Order, the Magistrate Judge specifically alerted the parties that the proceeding was governed by the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the Middle District of Tennessee and that the parties should "familiarize themselves with both sets of rules." (Doc. No. 17, at 1.) In addition, the Scheduling Order explained the discovery process and noted that the process was governed by Rules 26 through 37 of the Federal Rules of Civil Procedure. Regarding summary judgment motions, the Scheduling Order explicitly notified the parties as follows:

> The parties should refer to Federal Rule of Civil Procedure 56 and Local Rule 56.01 for summary judgment procedures. Any motion for summary judgment shall be accompanied by a separate, concise statement of material facts as to which the moving party believes there is no genuine issue for trial. Each fact shall be set forth in a separate numbered paragraph and be supported by a specific citation [to] the record. *Any response in opposition to the motion for summary judgment shall respond specifically to each assertion of fact, indicating whether it is disputed, not disputed for purposes of ruling on summary judgment only, or not disputed. A response that a statement of fact is disputed shall be supported by specific citations [to] the record.* Failure to respond in opposition to a statement of material fact may result in the Court assuming that the fact is true for purposes of summary judgment.
>
> *The party opposing summary judgment must show that a genuine issue of fact exists by citing the record, affidavits, deposition testimony, discovery responses, or other documentary evidence.* Mere argument that the facts are disputed without supporting evidence will not defeat a motion for summary judgment. . . .

(*Id.* at 4 (emphasis added).)

The defendants eventually filed their Motion for Summary Judgment, Memorandum in support thereof, and Statement of Material Facts ("SMF"). (Doc. Nos. 30, 30-2, and 30-1.) Each of the factual statements in the SMF is supported by reference to exhibits that were filed with the SMF, including the Affidavits of Coco's owner, Charles Cinelli; Coco's General Manager, Ali Alujaili; and a former Manager, Jo-Leah Tilbury (filed collectively at Doc. No. 30-3); and several other documents (Doc. No. 30-4). The defendants' argument, essentially, is that (1) for purposes of his employment discrimination claim, Brunelle cannot show that similarly situated employees not in his protected class were treated more favorably; (2) for purposes of his retaliation claim, he cannot show that he ever complained about sexual harassment or discrimination to the individuals involved in the decision to terminate his employment or that those individuals were aware that he had ever complained to anyone else about sexual harassment or discrimination; (3) for purposes of both his discrimination and retaliation claims, Brunelle cannot show that the defendants' legitimate non-discriminatory reasons for his termination are pretext for discrimination; and (4) Brunelle's sexual harassment/hostile work environment claim fails for lack of evidence that he was subjected to severe and pervasive harassment on the basis of his sexual orientation. (Doc. No. 30-2.)

Immediately following the filing of the defendants' motion documents, the Magistrate Judge entered an Order cross-referencing the Scheduling Order and directing the plaintiff to respond in a timely fashion. (Doc. No. 31.) After obtaining an extension of the deadline, Brunelle filed a Response to the SMF (Doc. No. 33), but no other documents. In this Response, the plaintiff purports to "dispute" virtually all of the defendants' statements of fact, but he does not include any citations to the record to support his denial of the defendants' version of events. He has not supplied a declaration or affidavit of his own or any other evidentiary support for his position, nor is his

Response signed under penalty of perjury. He also did not file a memorandum of law or argument in response to the defendants' Motion for Summary Judgment and supporting Memorandum. The defendants filed a Reply, arguing that their Motion for Summary Judgment should be granted as unopposed. (Doc. No. 34.)

The R&R contains a summary of the facts offered by the defendants in support of their Motion for Summary Judgment. The R&R acknowledges that the plaintiff purports to dispute many of the defendants' facts and that he asserts a countervailing perspective, but the R&R also notes that (1) the plaintiff's factual assertions that contradict the defendants' statements of fact are "not supported by other record evidence or provided in a form that can be considered as evidence at summary judgment" (Doc. No. 35, at 2–3 n.2); and (2) the plaintiff "offers no evidence to support his assertion that [the] facts are disputed" (*id.* at 4 n.4; *see also id.* nn. 5–7).

In considering the merits of the defendants' motion, the Magistrate Judge correctly cited the standard of review that applies when a litigant fails to provide an adequate response to the moving party's statement of material facts or arguments in support of summary judgment. (Doc. No. 35, at 10–11.) That is, while Local Rule 56.01(f) requires the court to consider as true any asserted undisputed fact to which no adequate response has been given, the party moving for summary judgment "always bears the burden of demonstrating the absence of a genuine issue as to a material fact . . . regardless if an adverse party fails to respond." *Carver v. Bunch*, 946 F.2d 451, 454–55 (6th Cir. 1991); *Felix v. Young*, 536 F.2d 1126, 1135 (6th Cir. 1976) ("[T]he fact that the movant's affidavits are uncontroverted does not necessarily mean that summary judgment should be granted[;] the ultimate burden of proving the propriety of summary judgment remains on the moving party."). (*See* Doc. No. 35, at 11.) Based on the applicable standard, the Magistrate Judge recognized that her task was to "examine the evidence that the defendants have offered in

support of their motion to determine if it is sufficient to satisfy their initial summary judgment burden with respect to each of Brunelle's claims before evaluating Brunelle's response in opposition to the defendants' summary judgment arguments and evidence." (*Id.* at 12 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970)).)

Reviewing the actual evidence in the record, the defendants' arguments, and the substantive legal standards governing the plaintiff's Title VII claims, the Magistrate Judge concluded that (1) Brunelle failed to proffer any evidence that he was treated differently from heterosexual servers who were terminated near the time of his termination for similar reasons and, therefore, failed to establish a *prima facie* case of discrimination based on sexual orientation; (2) Brunelle failed to offer evidence to refute the defendants' evidence that the individuals responsible for the adverse employment action against him had no knowledge that he had complained of discrimination based on sex in the past, for purposes of his *prima facie* case of retaliation; (3) even if he could establish a *prima facie* case of discrimination or retaliation, he has not provided any evidence sufficient to create a question of fact as to whether the defendants' asserted reason for firing Brunelle was pretext for discrimination or retaliation; and (4) Brunelle has not proffered evidence in a form that might be admissible at trial showing that he experienced unwelcome harassment based on sex—much less that any such harassment was sufficiently severe and pervasive to support a hostile work environment claim. The R&R therefore recommends that the defendants' motion be granted.

Brunelle filed timely Objections to the R&R (Doc. No. 40), to which he attached fifteen pages of exhibits that have not previously been made part of the record (Doc. No. 40-1).

## II.    STANDARD OF REVIEW

Within fourteen days after being served with a report and recommendation as to a dispositive matter, any "party may serve and file specific written objections to [a magistrate

judge's] proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The district court must review *de novo* any portion of the report and recommendation "that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

However, the district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id.* at 151. "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001); *see also Langley v. DaimlerChrysler Corp.*, 502 F.3d 475, 483 (6th Cir. 2007) (issues raised in a "perfunctory manner, unaccompanied by some effort at developed argumentation," are waived (quoting *Indeck Energy Servs., Inc. v. Consumers Energy Co.*, 250 F.3d 972, 979 (6th Cir. 2000))). Although *pro se* pleadings and filings are held to less stringent standards than those drafted by lawyers, *see, e.g.*, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), *pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *See, e.g.*, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

District judges generally will not entertain issues and arguments that appear for the first time in objections to a magistrate judge's report and recommendation. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000); *see also Moore v. Prevo*, 379 F. App'x 425, 428 n.6 (6th Cir. 2010); *Glidden Co. v. Kinsella*, 386 F. App'x 535, 544 & n.2 (6th Cir. 2010) (declining to review an issue that the district judge did not consider because it was not presented to the magistrate

judge); *Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at *1 (6th Cir. May 5, 2010) (concluding that a plaintiff waived a claim by failing to raise it before the magistrate judge).

In addition, while the court has the discretion to consider new evidence, "that discretion must be exercised sparingly." *Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.*, 524 F.3d 315, 322 (1st Cir. 2008); *see also Blackwell v. McCord*, No. 3:13-cv-0739, 2016 WL 3444502, at *1 (M.D. Tenn. June 23, 2016) (Trauger, J.) ("It is not in the interest of justice to allow a party to wait until the Report and Recommendation . . . has been issued and then submit evidence that the party had in its possession but chose not to submit. Doing so would allow parties to undertake trial runs of their motion, adding to the record in bits and pieces depending upon the rulings or recommendation they received." (quoting *Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998))).

## III. DISCUSSION

Each of the plaintiff's five objections consists of (1) an assertion that he "object[s]" to the Magistrate Judge's finding that his attempts to dispute the defendants' factual statements are not supported by evidence in the record and (2) a "Reason for Objection."

In Objections No. 1 and 3, the plaintiff objects to the Magistrate Judge's rejection of his attempt to dispute the truth of the allegations that he received a disciplinary notice for leaving work early without authorization in September 2017 and that he left work early without authorization again in June 2018. The plaintiff's "Reason" for these Objections is that "there is no evidence" to support his position, because the defendants' asserted facts are "completely false," "made up," or "fabricated," and he "do[es] not know how to prove something that did not happen." (*Id.* at 1–2.)

In Objection No. 2, the plaintiff takes issue with the R&R's reference to a statement in the Affidavit of Jo-Leah Tilbury, who worked as a manager at Coco's from 2017 until December 2020, that Tilbury "requested a discussion" with Brunelle related to an incident involving another employee that took place in May 2018 and that, in response, Brunelle "accused [Tilbury] of

harassing him." (Doc. No. 35, at 4 (quoting Doc. No. 30-3, Tilbury Aff. ¶ 7).) In a footnote, the R&R acknowledges that Brunelle disputes Tilbury's statement "but offers no evidence to support that position." (*Id.* at 4 n.5.) In his Reason for Objection, the plaintiff states: "I had already reported Tilbury for harassment before she approached me about a discussion. I refused to have the discussion alone with Tilbury, and informed her that I would speak with her with management and the owner. I have supporting screenshots to collaborate [sic] this information." (Doc. No. 40, at 2.)

In Objection No. 4, the plaintiff takes issue with the R&R's finding that, although Brunelle "disputes that he was fired for inappropriate workplace behavior, stating that 'he was informed that there was no reason for the termination,' . . . Brunelle offers no evidence to support that position." (Doc. No. 40, at 3 (quoting Doc. No. 35, at 4 n.7).) In his Reason for Objection, Brunelle asserts that, when he asked why he was being let go, he was told only that Tilbury, Cinelli, and Coco's General Manager Ali Alujaili were "exercising the right to not have [Brunelle] work there," and he never received any documentation of his separation notice. (Doc. No. 40, at 3.) He also states that he has "an audio recording of this conversation." (*Id.*)

In Objection No. 5, Brunelle takes issue with a footnote in the R&R that quotes the EEOC letter attached to the original Complaint as stating that "[o]ne of the recordings [Brunelle] provided [to the EEOC] . . . established that [Brunelle] complained of discrimination during the fall and was not discharged until the following summer." (Doc. No. 35, at 17 n.8 (quoting Doc. No. 1-2, at 3).) The R&R states that the letter, even viewed in the light most favorable to the plaintiff, "does not identify to whom Brunelle complained or speak to whether the defendants had knowledge of that complaint. Moreover, the letter, by itself, is insufficient evidence to create a genuine dispute of material fact that the defendants were aware of any complaints of sexual harassment or discrimination made by Brunelle." *Id.* In his Reason for Objection, Brunelle states that he first

complained to "General Manager Ali and Carol (HR)" about the kitchen manager, Jeff Roscoe, subjecting him to "harassment," but nothing was ever done about it. (Doc. No. 40, at 4.) The plaintiff states that he has an "audio recording discussing issues that [he] was having with Jeff." (*Id.*) Brunelle adds that he continued to complain to "Ali and Carol," as well as to Cinelli, about "sexual harassment and discrimination" he experienced from Tilbury, all to no avail. He states that he has "screenshots and emails" to confirm these complaints, as well as an audio recording where Carol says she is "not really 'HR' and 'her hands are tied.'" (*Id.*)

The problems with the plaintiff's Objections are multi-fold. First, the plaintiff does nothing to cure the deficiencies noted by the Magistrate Judge with respect to his Response to the defendants' SMF. That is, the plaintiff, despite being admonished to familiarize himself with the Federal Rules of Civil Procedure and the court's Local Rules (and specifically with Federal Rule 56 and Local Rule 56.01, *see* Doc. No. 17, at 4), apparently did not do so. Rule 56 provides that

> [a] party asserting that a fact . . . is genuinely disputed must support that assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). The plaintiff did not provide or refer to *any* evidence in his Response to the SMF. In his Objections, he essentially complains that it is impossible for him to prove a negative, but he could have submitted a sworn and notarized affidavit or a declaration, signed by himself under penalty of perjury, to support his denials of the defendants' various statements in their SMF, or even to explain why he was not in possession of evidence to support his denials. Such an affidavit or declaration would have constituted evidence in a form that could be considered

in the context of ruling on a motion for summary judgment and could potentially have given rise to a legitimate factual dispute. *See* Fed. R. Civ. P. 56(d) ("If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."). Despite being notified early in this litigation about his burden in responding to a summary judgment motion and despite the Magistrate Judge's express finding that the plaintiff had failed to support his denials of the defendants' factual statements by referencing evidence in the record, the plaintiff, with his Objections, still has not submitted a declaration or affidavit to support his position.

Second, the documents the plaintiff has attached to his Objections were never presented to the court in response to the Motion for Summary Judgment.[1] Moreover, even if the court were inclined to take into consideration the newly submitted evidence (which consists of screenshots of text messages between the plaintiff and Alujaili, between the plaintiff and Cinelli, between the plaintiff and Tilbury, and between the plaintiff and Carol Neal), that evidence is essentially meaningless, having been provided without context or explanation.

And third, even if the court were to accept as true the plaintiff's assertions in his Objections—that (1) he did not receive a disciplinary action on September 14, 2017; (2) he refused to have a discussion with Tilbury alone, after the incident involving another employee in May 2018, a month before he was terminated, because he had "already reported Tilbury for harassment" (Doc. No. 40, at 2); (3) he never left work with another employee without first receiving managerial approval; (4) he was given no reason for his termination and never received

---

[1] Brunelle also refers to audio recordings in his possession, but he has never produced these or even attempted to summarize their contents.

documentation about it; and (5) he complained to Alujaili and Carol Neal about "harassment" by Jeff Roscoe, the kitchen manager, and he complained to Alujaili, Neal, and Cinelli about "sexual harassment and discrimination" by Tilbury—the defendants would still be entitled to summary judgment.[2] That is because these "facts," even if deemed true, do not establish that the defendants' stated reasons for terminating him for "Inappropriate Workplace Behavior" in June 2018 were pretext for discrimination or retaliation. These reasons include (1) that Brunelle was often aggressive toward managers and other employees; (2) that multiple complaints were made about his behavior by other employees and customers; and (3) that, in May 2018, he told a food runner named Eloise that he would "remember that in her tip out" when she was unable to assist him with stacking dishes and, when she approached Alujaili, Brunelle interjected and began yelling at Eloise, in response to which Eloise immediately quit; Brunelle celebrated the resignation by stating, "another one bites the dust." (Doc. No. 30-3, Alujaili Aff. ¶¶ 3, 4; Tilbury Aff. ¶¶ 3–6, 9; Cinelli Aff. ¶¶ 4, 6, 7.) Because the plaintiff has not produced any evidence suggesting that these proffered reasons (1) have no basis in fact, (2) did not actually motivate the defendants' challenged conduct, or (3) were insufficient to warrant the challenged conduct, *Rogers v. Henry Ford Health Sys.*, 897 F.3d 763, 777 (6th Cir. 2018), the defendants are entitled to summary judgment on the plaintiff's Title VII discrimination and retaliation claims.

Likewise, the plaintiff has not presented evidence showing his "workplace [was] permeated with discriminatory intimidation, ridicule, and insult that [was] sufficiently severe or pervasive to

---

[2] The screenshots, viewed generously in the light most favorable to the plaintiff, might be interpreted as showing that the plaintiff complained several times that Tilbury and someone else were "harassing" him, but there is no suggestion that the harassment was based on sexual orientation. (*See* Doc. No. 40-1, at 2, 3, 13.) The screenshots also show that Brunelle repeatedly requested meetings and telephone calls with Cinelli, Alujaili, and Neal, but not why he was requesting them. (*Id.* at 3, 5, 6, 7, 12.)

alter the conditions of [Brunelle's] employment and create an abusive working environment.'" *Barrett v. Whirlpool Corp.*, 556 F.3d 502, 514 (6th Cir. 2009) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). On this basis, too, the defendants are entitled to summary judgment on the Title VII sexual harassment/hostile work environment claim as well.

To be clear, the court declines to take into consideration the evidence that Brunelle submitted with his Objections and finds that the defendants' factual statements are undisputed on the record, based on Brunelle's failure to comply with Federal Rules of Civil Procedure or the Local Rules in responding to the Motion for Summary Judgment. The court will, therefore, accept the R&R's findings and conclusions in their entirety. The court simply notes that, even if the plaintiff had submitted the evidence filed with his Objections for the Magistrate Judge to consider in the first place, the defendants would still be entitled to summary judgment.

## IV.     CONCLUSION

For the reasons set forth herein, the court will overrule the Objections, accept the R&R, and grant the defendants' Motion for Summary Judgment.

An appropriate Order is filed herewith.

_____
ALETA A. TRAUGER
United States District Judge